IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


United States of America,          :

       Plaintiff,               :

    v.                             :     Case No. 2:08-cr-68(1)

Maurice Rochelle Walker,           :     JUDGE WATSON

       Defendant.               :

DETENTION ORDER

The Court held a detention hearing in this case, which
involves the transfer of jurisdiction for purposes of supervised
release, on July 7, 2008.  Defendant waived a preliminary
supervised release revocation hearing, so there is probable cause
to believe that he committed the violations alleged, which
include testing positive for narcotics use on multiple occasions,
failing to participate in drug treatment, and failing to maintain
contact with his probation officer.  After hearing argument, the
Court requested the Probation Office to investigate the
possibility of an in-patient drug treatment program.  The Court
received Probation Officer Mitchell's report on that matter on
July 14, 2008.  For the following reasons, the Court concludes
that defendant should be detained without bond pending his final
supervised release revocation hearing.

In a supervised release case, once there is probable cause
to believe that the defendant has committed the alleged
violations, if the defendant seeks release pending a final
revocation hearing, he or she must demonstrate by clear and
convincing evidence that there are conditions of release
available to the Court which would safeguard the community and
insure the defendant's appearance at future judicial proceedings.

See Fed.R.Crim.P. 32.1 (pending a final revocation hearing, the Court "may release or detain the person under 18 U.S.C. §3143(a)"); 18 U.S.C. §3143(a) (mandating detention without bond "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ..."). Defendant has not met that high burden of proof here.

Defendant has proposed either release to the home of a girlfriend or placement in a drug treatment program. The former proposal simply releases him back into the community under supervision. He has not fared well under those conditions. The latter would involve his voluntary decision to remain in a treatment program. He had the opportunity to obtain drug treatment while on supervised release and failed to do so, choosing instead to abscond from supervision. There are no positive factors in this record which would suggest that his current effort to seek treatment is anything more than an attempt to avoid incarceration. The Court is simply not clearly convinced that the defendant will remain under supervision and refrain from illegal behavior if released. Thus, the applicable rule and statute require his detention.

The defendant is advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge

-2-